**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victor M. MARTINEZ, Defendant–
Appellant.**

**No. 90–50702.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1991.

Decided Feb. 11, 1992.

As Amended April 22, 1992.

Michael Garcia, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Wayne R. Gross, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before: BROWNING, BOOCHEVER and REINHARDT, Circuit Judges.

PER CURIAM:

Victor M. Martinez appeals the imposition of a 70–month sentence of incarceration following his plea of guilty to one count of armed bank robbery. Martinez contends that the district court erroneously increased his criminal history score based upon his prior misdemeanor convictions for being "under the influence of a controlled substance" in violation of *California Health and Safety Code* Section 11550(a).[1] Martinez argues that these prior convictions are equivalent to convictions for "public intoxication" and should not have been counted in the computation of his criminal history score.

We review *de novo* the district court's determination that a prior conviction falls within the scope of the Sentencing Guidelines. *See United States v. Gross*, 897 F.2d 414, 416 (9th Cir.1990), *rev'd on other grounds, United States v. Anderson*, 942 F.2d 606 (9th Cir.1991). When computing criminal history, the Sentencing Guidelines state that:

> (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
>
> Hitchhiking
> Juvenile status offenses and truancy
> Loitering
> Minor traffic infractions (*e.g.,* speeding)
> Public intoxication
> Vagrancy.

U.S.S.G. § 4A1.2(c)(2). Martinez contends that *California Health and Safety Code* Section 11550(a) is similar to *California Penal Code* Section 647(f), which states in relevant part that any person "[w]ho is found in any public place under the influence of intoxicating liquor, any drug, [or] controlled substance" is guilty of a misdemeanor. Martinez argues that both statutes similarly punish individuals who are under the influence of a controlled substance in a public place, and hence that a conviction for being "under the influence of a controlled substance" is similar to "public intoxication" and should not have been counted in the computation of his criminal history score.

---

1. Section 11550(a) states in relevant part: "No person shall use, or be under the influence of any controlled substance.... [A]ny person convicted of violating any provisions of this subdivision is guilty of a misdemeanor and shall be sentenced to serve a term of not less than ninety days or more than one year in the county jail."

"[T]he offenses listed in U.S.S.G. § 4A1.2(c)(2) are excluded from the defendant's criminal history because they are of such minor significance to the goals of sentencing, *see* 18 U.S.C. § 3553(a)(2), that inclusion would more likely distort than improve the process established by the guidelines for determining an appropriate sentence. The listed offenses offer no basis for predicting future significant criminal activity by the defendant; the conduct they involve is not uniformly criminalized, and when it is, the penalty is usually light." *United States v. Martinez*, 905 F.2d 251, 253 (9th Cir.1990).

Martinez's convictions for being under the influence of a controlled substance are not "similar" to public intoxication in this regard. Being under the influence of a controlled substance is almost universally regarded as culpable, is widely criminalized, and offers a substantial basis for predicting future significant criminal activity.[2] By contrast, public intoxication is rarely criminalized and may involve the use of

alcohol, a non-controlled substance. The district court thus properly included these offenses when calculating Martinez's criminal history score.[3]

Accordingly, the decision of the district court is AFFIRMED.

## ORDER

April 22, 1992.

The opinion filed on February 11, 1992, is amended in the following manner:

[Editor's Note: These changes have been incorporated in the published opinion.]

Appellant's motion to correct factual inaccuracy in published opinion is otherwise denied.

---

2. Martinez was convicted of being under the influence of a controlled substance; namely, heroin. Every state in this circuit makes it a crime to use or possess heroin. Alaska Stat. § 11.71.040 (1962); Ariz.Rev.Stat.Ann. §§ 13–3407, 13–3408 (1989); Cal. Health & Safety Code § 11550 (1975); Hawaii Rev.Stat. § 712–1250 (1985); Idaho Rev.Stat. § 37–2732(c) (Supp. 1991); Mont.Code Ann. § 45–9–102 (1991); Nev. Rev.Stat. § 453.321 (1986 & Supp.1991); Or.

Rev.Stat. § 475.992 (1987); Wash.Rev.Code 69.-50.401 (1985).

3. A conviction for being under the influence of a controlled substance is recognized as substantially more culpable and predictive of future significant criminal conduct than a conviction for public indecency, a conviction which we have held is not "similar" to the offenses listed in U.S.S.G. § 4A1.2(c)(2). *See Martinez,* 905 F.2d at 254.