46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Antonio DURAN, Defendant-Appellant.
 No. 94-30133.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julio Antonio Duran appeals his 144-month sentence imposed following his conviction for armed bank robbery and use of a firearm during a crime of violence, in violation of 18 U.S.C. Secs. 942(c), 2113(a), (d). Duran contends that on remand from this court, see United States v. Duran, 4 F.3d 800 (9th Cir.1993), cert. denied, 114 S.Ct. 894 (1994), the district court erred in calculating his criminal history score. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 First, Duran contends that the district court erred by assessing two criminal history points for his prior conviction for being under the influence of a controlled substance, in violation of Cal.Health & Safety Code Sec. 11550, because this conviction is similar to a conviction for public intoxication. See U.S.S.G. Sec. 4A1.2(c)(2) (prior convictions for "[p]ublic intoxication" and "similar" offenses are not counted in the criminal history score). Duran's contention is foreclosed by our holding in United States v. Martinez, 956 F.2d 891, 893 (9th Cir.1992) (per curiam).
 
 
 4
 Second, Duran contends that the district court erred by assessing two criminal history points on the basis that he committed the instant offenses while on probation for a prior offense. This contention lacks merit.
 
 
 5
 The Sentencing Guidelines instruct the district court to add two points to the criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. Sec. 4A1.1(d). "[A] defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence." U.S.S.G. Sec. 4A1.2(m); accord U.S.S.G. Sec. 4A1.1, comment. (n. 4).
 
 
 6
 On March 27, 1989, Duran was convicted for driving while intoxicated. The trial court suspended his sentence and ordered him to serve three years probation. The district court found that this offense was committed while a warrant for probation violation was outstanding for a prior violation. Duran committed the instant offenses on February 7, 1991. Thus, in February 1991, Duran was "under" the sentence for the driving while intoxicated conviction. See U.S.S.G. Secs. 4A1.1(d), 4A1.2(m).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3