UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

PEGGY ANN LOCKLEAR,

    *Defendant-Appellant.*

No. 01-4495

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-96-49-F)

Submitted: January 25, 2002

Decided: February 13, 2002

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Sue A. Berry, Wilmington, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Yvonne V. Watford-McKinney, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Peggy Locklear pled guilty to one count of conspiracy to possess with intent to distribute and to distribute crack cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999); and one count of distribution of crack cocaine and aiding and abetting, in violation of § 841(a)(1) and 18 U.S.C. § 2 (1994). Locklear failed to appear at her original sentencing hearing and remained a fugitive for over four years. After her apprehension, she was sentenced to a total of 360 months imprisonment, which she now appeals.

Locklear first argues that she had only a minor role in the offenses, and was therefore entitled to a two level reduction in her offense level under § 3B1.2 of the Sentencing Guidelines.* We review a district court's decisions concerning adjustments for the defendant's role in the offense for clear error. *See United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 2000). In determining whether a role in the offense adjustment is appropriate, we compare "the acts of each participant in relation to the relevant conduct for which the participant is held accountable" and evaluate "each participant's individual acts and relative culpability against the elements of the offense of conviction." *United States v. Daughtrey*, 874 F.2d 213, 216 (4th Cir. 1989). In conducting this inquiry, we consider "whether 'the defendant's conduct is material or essential to committing the offense.'" *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999) (quoting *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991)), *cert. denied*, 528 U.S. 1177 (2000). This court has held that the denial of a role reduction sought by the defendant based upon his status as a driver was not clearly erroneous. *See United States v. Sharp*, 927 F.2d 170, 176 (4th Cir. 1991).

Our review of the record convinces us that Locklear played a critical role in ensuring the completion of the sale of crack cocaine by her son on two different occasions. The district court properly denied Locklear's request for a role reduction.

---

*\*U.S. Sentencing Guidelines Manual* (2000).

Locklear next asserts that the district court erroneously included six prior convictions in California state court for being under the influence of a controlled substance in her criminal history. She argues that because the Guidelines specifically exclude sentences for public intoxication, *see* USSG § 4A1.2(c)(2), her convictions should have been excluded from her criminal history. In determining whether an offense is similar to the offenses listed in § 4A1.2(c)(2), the elements of the offense in question are examined for similarity to the elements of the excluded offenses. *See United States v. Harris*, 128 F.3d 850, 854-55 (4th Cir. 1997). As the district court noted, five of the six convictions involved Locklear being under the influence of cocaine, which, unlike alcohol, is illegal to possess or use. We have examined the relevant provisions of California law and conclude that the offense of being under the influence of a controlled substance is not sufficiently similar to the offense of public intoxication to merit exclusion under § 4A1.2(c)(2). *See* Cal. Penal Code § 647(f); Cal. Health & Safety Code §§ 11054, 11055, 11550(a) (West 2002); *United States v. Martinez*, 956 F.2d 891, 893 (9th Cir. 1992).

Accordingly, we affirm Locklear's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*