

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# USA v. Harrity

Precedential or Non-Precedential: Non-Precedential

Docket 02-1833

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Harrity" (2003). *2003 Decisions.* Paper 613.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/613

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1833

UNITED STATES OF AMERICA

v.

RAHEEM HARRITY,
aka RASHEEN HARRISON

Raheem Harrity, Appellant

ON APPEAL FROM THE DISTRICT COURT FOR THE DISTRICT OF
NEW JERSEY

(Dist. Court No.  00-cr-00385-9)
District Court Judge: Honorable Stephen M. Orlofsky

Argued on February 11, 2003

Before: ALITO and McKEE, Circuit Judges, and SCHWARZER, District Judge*

(Filed April 17, 2003)

DARREN M. GERBER (argued)
DAVID B. NOBLE

---

* Honorable William W Schwarzer, United States District Judge for the Northern
District of California sitting by designation.

Wilentz, Goldman, & Spitzer, P.A.
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, NJ 07095

*Counsel for Appellant*

CHRISTOPHER J. CHRISTIE
United States Attorney
GEORGE S. LEONE
Chief Appeals Division
RICARDO SOLANO JR. (argued)
Assistant U.S. Attorney
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102-2535

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

Raheem Harrity ("Harrity") pled guilty to a single count of possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). He was sentenced to 24 months of imprisonment and three years of supervised release. Harrity argues that the District Court erred in calculating his criminal history category pursuant to U.S.S.G. § 4A1.2(c)(2) because the Court counted his 1995 conviction for loitering to obtain a controlled substance, in violation of N.J.S.A. § 2C:33-2.1. We affirm.

We exercise plenary review over a District Court's construction of the

2

Sentencing Guidelines.  United States v. McQuilkin, 97 F.3d 723, 727 (3d Cir.1996).

Furthermore, "[t]he Sentencing Guidelines are read according to the canons of statutory interpretation."  United States v. Johnson, 155 F.3d 682, 683 (3d Cir. 1998).

Under the Sentencing Guidelines, a defendant's criminal history category is calculated based upon the number, nature, and timing of prior sentences.  U.S.S.G. § 4A1.1 (2001).  U.S.S.G. §4A1.2 (c) defines "prior sentences" to include all felony convictions, but to exclude certain minor offenses and "offenses similar to them, by whatever name they are known."  U.S.S.G. § 4A1.2(c)(1) lists 15 offenses that may be excluded, depending on the severity of the prior sentence and the similarity of the offense, and U.S.S.G. § 4A1.2(c)(2) lists six offenses – one of which is "loitering" – that are always excluded.  The Guidelines, however, offer neither definitions of the offenses listed in Section 4A1.2(c) nor an explanation of how to determine whether the prior and instant offenses are "similar." In Elmore v. United States, 108 F.3d 23 (3d Cir. 1997), we held that the meaning of the offenses listed in Subsection 4A1.2(c)(1) should be defined pursuant to federal law and that a prior state offense is "similar" to the federal definition if it contains the same elements. Id. at 25, 27.  Under Elmore, therefore, we must determine whether the elements of the New Jersey offense for which Harrity was convicted in 1995 differ from the elements of a generic loitering offense.

In Elmore, the Court looked to Black's Law Dictionary and the Model Penal Code in identifying the elements of "disorderly conduct," 108 F.3d at 25 -26, and we therefore consider the same sources.  Black's defines loitering as "[t]he criminal offense

3

of remaining in a certain place (such as a public street) for no apparent reason." Black's Law Dictionary (7th ed. 1999). The Model Penal Code provision creating the offense of loitering provides: "A person commits a violation if he loiters or prowls in a place, at a time, or in a manner not usual for law-abiding individuals under circumstances that warrant alarm for the safety of persons or property in the vicinity." Model Penal Code § 250.6.

The offense for which Harrity was convicted differs sharply from these definitions. The relevant New Jersey statute states:

> A person, whether on foot or in a motor vehicle, commits a disorderly person offense if (1) he wanders, remains or prowls in a public place *with the purpose of unlawfully obtaining or distributing a controlled dangerous substance or controlled dangerous analog*; and (2) engages in conduct, that under the circumstances, manifests *a purpose to obtain or distribute a controlled dangerous substance or controlled substance analog*.

N.J.S.A. § 2C:33-2.1(b) (emphasis added). This provision obviously contains an important element – the purpose of obtaining or distributing drugs – that is missing from the Black's and Model Penal Code definitions.

Harrity argues, however, that "there is no standard definition of loitering" and that "[l]oitering is unique among the offenses listed in U.S.S.G. §4A1.2(c)(2) in that it displays a wide range of elements in its various manifestations in criminal statutes." Appellant's Br. at 10, 11. This argument is unpersuasive because Harrity has not shown the distinctive element of the New Jersey statute at issue – i.e., the requirement that the defendant have the purpose of obtaining or distributing drugs or analogs – is a common

4

feature of the various loitering statutes in force in jurisdictions around the country.

Harrity further argues that "loitering," as it is used in U.S.S.G. § 4A1.2(c)(2) of the Sentencing Guidelines, cannot mean what he characterizes as "simple loitering" because "simple loitering" statutes have been held to be unconstitutionally vague.[1]  We reject this argument for essentially the same reason just noted.  Assuming for the sake of argument (a) that the offense defined in *Black's* ("remaining in a certain place (such as a public street) for no apparent reason") is impermissibly vague and (b) that "loitering," as defined in U.S.S.G. § 4A1.2(c)(2), contains *some additional element*, Harrity's argument fails unless this additional element is the one present in N.J.S.A. § 2C:33-2.1(b), i.e., the purpose of obtaining or distributing drugs.  Because this element is not typical of the various loitering statutes in force around the country, Harrity's conviction is not "similar" to "loitering" as defined in  U.S.S.G. § 4A1.2(c)(2).

---

[1] Harrity cites <u>Kolender v. Lawson</u>, 461 U.S. 352 (1983), in which the Supreme Court held unconstitutional a California statute that targeted anyone who "loiters or wanders upon the streets or from place to place without apparent reason or business and who refuses to identify himself and to account for his presence when requested by any peace officer to do so, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification," <u>id</u>. at 353 n.1, and <u>Papachristou v. City of Jacksonville</u>, 405 U.S. 156 (1972), in which the Court invalidated a Florida vagrancy statute that criminalized the practice of "wandering or strolling around from place to place without any lawful purpose or object." <u>Id</u>. at 158 n.1.  But see <u>United States v. Bee</u>, 162 F.3d 1232, 1235-36 (9th Cir.1998) (holding to be constitutional a condition of supervised release that required that the offender "not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18"); <u>Wiemerslage v. Maine Township High</u>, 29 F.3d 1149, 1152 (7th Cir. 1994) (school rule that prohibited loitering near the school gates found to be constitutional, since it would provide notice to reasonable person).

5

We have considered all of Harrity's arguments and find no basis for reversal.

We therefore affirm the order of the District Court dated March 18, 2002.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.