KAREN NELSON MOORE, Circuit Judge.
Because I believe that Dossie’s previous convictions for occupying a drug premises are properly characterized as loitering offenses, I dissent from the majority opinion’s conclusion that the district court did not commit plain error in assessing criminal history points on the basis of these convictions.
United States Sentencing Guideline § 4A1.2(c)(2) provides that sentences for loitering or “offenses similar to” loitering “are never counted” in computing a defendant’s criminal history score. “[N]either the Guidelines nor the commentary suggest that an excluded offense may be counted depending on the purpose for which it was committed.” United States v. Moore, 288 F.Supp.2d 955, 956 (E.D.Wis.2003); see also United States v. Paul, No. 97-1270, 1998 WL 398808, at *1 (2d Cir. June 8, 1998) (unpublished order) (“[T]here is no explanatory note to § 4A1.2(c)(2) in the Sentencing Guidelines that indicates that certain types of loitering are not to be exempted from the Criminal History Category.”). The majority points out that Akron Municipal Code § 138.25 penalizes “occupying and remaining on drug premises” in addition to loitering; thus, the majority concludes that the inclusion of the term “loitering” in § 138.25 “does not transform Dossie’s occupying a drug premises offenses into simple, non-countable loitering offenses.” Majority Op. However, § 4A1.2(c)(2) covers offenses such as loitering, “by whatever name they are known.” The fact that § 138.25 contains the terms “occupy” and “remain” in addition to “loiter” does not change the fact that this ordinance is de *353 signed to penalize loitering. I would accordingly remand this case with instructions to exclude the two criminal history points that were added on the basis of Dossie’s municipal violations.