**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

MANUEL DE JESUS CALDERON
ESPINOSA, aka Jesus Espinosa,
           *Defendant-Appellant.*

No. 08-50092

D.C. No.
2:07-cr-01326-DSF-
1

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 12, 2008*
Pasadena, California

Filed June 24, 2009

Before: Harry Pregerson and Dorothy W. Nelson, Circuit
Judges, and James K. Singleton,** Senior District Judge.

Opinion by Judge Pregerson

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable James K. Singleton, United States District Judge for
the District of Alaska, sitting by designation.

## COUNSEL

Jonathan D. Libby, Deputy Federal Public Defender, Los Angeles, California, for the appellant.

Brock H. Lunsford, Special Assistant United States Attorney, Domestic Security and Immigration Crimes Section, Los Angeles, California, for the appellee.

## OPINION

PREGERSON, Circuit Judge:

Manuel De Jesus Calderon-Espinosa ("Calderon") appeals the district court's imposition of a twenty-four month prison sentence after Calderon pleaded guilty to being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326. Calderon contends that the district court erroneously increased his criminal history score because of his 2004 conviction for "Loitering for Drug Activities" in violation of California Health and Safety Code section 11532, and his 2007 conviction for being an unlicensed driver in violation of California Vehicle Code section 12500(a). We find that the district court erred in assessing a criminal history point based on Calderon's 2004 loitering conviction. We need not reach Calderon's second argument regarding the criminal history point assessed for his 2007 vehicle code conviction, because the correction of any potential error would not further reduce Calderon's sentence. We vacate Calderon's sentence and remand to the district court for resentencing.

## I.  Background

Calderon, a Mexican citizen, was lawfully removed from the United States on May 27, 2004. On July 12, 2004, Calderon reentered the United States without inspection. On September 13, 2007, over three years later, immigration authorities found Calderon in Los Angeles County.

On December 10, 2007, pursuant to a binding plea agreement, Calderon pleaded guilty to being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326. In his plea agreement, Calderon stipulated that he would "serve a sentence of imprisonment of duration equal to the low end of the applicable guideline range determined by a total offense level of 13 and [Calderon's] calculated criminal history category . . . . "

The probation office prepared a Modified Presentence Report ("PSR") that calculated seven criminal history points for Calderon based on three prior convictions, placing him in Criminal History Category IV. Among the seven total points assigned was one point for Calderon's 2004 conviction for "Loitering for Drug Activities" in violation of California Health and Safety Code section 11532. The probation office also assigned an additional history point to Calderon for being an unlicensed driver in violation of California Vehicle Code section 12500(a) on September 13, 2007, the date Calderon was "found in" the United States as charged under 8 U.S.C. § 1326.

On March 3, 2008, based upon the binding plea agreement and Calderon's criminal history calculated in the PSR, the district court sentenced Calderon to twenty-four months imprisonment, to be followed by three years of supervised release. During the sentencing hearing, Calderon objected to the court's Sentencing Guidelines assessment of one criminal history point for his prior conviction for "Loitering for Drug Activities" in violation of California Health and Safety Code

section 11532. Calderon also objected to the court's assessment of one criminal history point for his post-reentry conviction for driving without a license in violation of California Vehicle Code section 12500(a). Calderon did not contest the five additional criminal history points assigned to him. The district court rejected Calderon's objections to the criminal history calculation. Calderon appealed to this court.

## II.   Standard of Review

We review a district court's interpretation and application of the Sentencing Guidelines de novo. *See United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). Because Calderon objected to the district court's calculation of his sentence, he preserved the issue on appeal. *See United States v. Grissom*, 525 F.3d 691, 694-95 (9th Cir. 2008).

## III.   Discussion

  A.   The District Court Erred in Assessing an Additional Criminal History Point for "Loitering for Drug Activities"

Calderon argues that the district court erred in assessing an additional criminal history point for his conviction under California Health and Safety Code section 11532[1] for "Loitering for Drug Activities," because the court misinterpreted the plain language of U.S.S.G. § 4A1.2(c)(2). We agree.

**[1]** In interpreting the Sentencing Guidelines, "[t]he plain meaning of unambiguous language in a guideline provision controls." *United States v. Valenzuela*, 495 F.3d 1127, 1133

---

[1]California Health and Safety Code section 11532, "Loitering for Drug Activities," states: "It is unlawful for any person to loiter in any public place in a manner and under circumstances manifesting the purpose and with the intent to commit an offense specified in Chapter 6 (commencing with section 11350) and Chapter 6.5 (commencing with section 11400)." These sections pertain to drug offenses.

(9th Cir. 2007); *see also Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982) ("[A]bsent a clearly expressed legislative intention to the contrary, [the plain language of a statute] must ordinarily be regarded as conclusive."). Section 4A1.2(c)(2) of the Sentencing Guidelines states that:

> Sentences for the following prior offenses and offenses similar to them, *by whatever name they are known*, are *never* counted [in a defendant's criminal history score]:
>
> Fish and game violations
>
> Hitchhiking
>
> Juvenile status offenses and truancy
>
> Local ordinance violations (except those violations that are also violations under state criminal law)
>
> *Loitering*
>
> Minor traffic infractions (e.g., speeding)
>
> Public intoxication
>
> Vagrancy.

U.S.S.G. § 4A1.2(c)(2) (emphasis added). Here, the plain language of the Guidelines is clear: "Loitering," "by whatever name [it is] known" is "never counted" in a defendant's criminal history score. *Id.* Thus, the district court erred in assessing a criminal history point to Calderon for his prior loitering offense.

**[2]** The government argues that certain types of "loitering" may be exempted from § 4A1.2(c)(2). But the plain language of the statute tells us otherwise by its use of the clause, "by

whatever name they are known." *Id.* These words explicitly tell us that *all* forms of loitering "by whatever name they are known" are excluded when assessing a defendant's criminal history score. *Id.* Furthermore, "there is no explanatory note to [§ 4A1.2(c)(2) in] the Sentencing Guidelines that indicates that certain types of loitering are not to be exempted from the Criminal History Category." *United States v. Lock*, 466 F.3d 594, 600 (7th Cir. 2006) (quoting *United States v. Paul*, No. 97-1270, 1998 WL 398808, *1 (2d Cir. June 8, 1998)).

At Calderon's sentencing hearing, the district court mistakenly relied on *United States v. Martinez*, 956 F.2d 891 (9th Cir. 1992) when the court concluded that "Guidelines Section 4A1.2(c)(2) does not preclude this criminal conviction [for 'Loitering for Drug Activities'] from being counted" in calculating Calderon's criminal history score. In *Martinez*, we found that the offense of "public intoxication" is never counted in a defendant's criminal history score under § 4A1.2(c)(2), because the offense was listed in the statute. *Id.* at 893. But we held that the offense of being "under the influence of a controlled substance," a violation of California Health and Safety Code section 11550, "[is] not 'similar' to public intoxication" under § 4A1.2(c)(2), and therefore is counted in calculating a defendant's criminal history score. *Id.*

The district court incorrectly compared Calderon's conviction for "Loitering for Drug Activities" to Martinez's conviction for being "under the influence of a controlled substance." Unlike the offense of being "under the influence of a controlled substance" in *Martinez*, the offense of "loitering" is *specifically listed* in § 4A1.2(c)(2), and thus is "never counted" in a defendant's criminal history score. Accordingly, the district court mistakenly relied on *Martinez*.

**[3]** To date, only the Seventh Circuit has considered in a published opinion the specific issue of whether to assess a criminal history point for the conviction of "Loitering-Illegal Drug Activity" under the Sentencing Guidelines. In *Lock*, 466

F.3d at 602, the Seventh Circuit held that "the district court erred in its application of the Sentencing Guidelines, and that [the defendant's] convictions for Loitering-Illegal Drug Activity should be excluded from his criminal history score" under U.S.S.G. § 4A1.2(c)(2). Here, we consider a similar California statute and conclude, as did the Seventh Circuit, that the district court should never have counted Calderon's loitering conviction in calculating his criminal history score under the Sentencing Guidelines.

## B.   The District Court's Error Was Prejudicial

**[4]** A material error in the district court's calculation of the appropriate Guidelines range requires a remand for resentencing, unless the error was harmless. *See United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006). Under the terms of Calderon's binding plea agreement, Calderon was to receive the low end of the applicable guidelines range based on a correctly calculated criminal history category. Had Calderon not been assessed a criminal history point for the loitering offense, he would have been assigned only six criminal history points, rather than seven, and his sentence would have been calculated under criminal history Category III, rather than Category IV. Thus, Calderon would have received a sentence under his binding plea agreement of eighteen months imprisonment, rather than the twenty-four month sentence he received. Accordingly, we conclude that the district court's error in assessing an additional criminal history point for Calderon's loitering offense was prejudicial, not harmless, and we remand for resentencing.

## C.   We Need Not Reach Calderon's Second Argument

Calderon also argues that the district court should not have assessed a criminal history point for his post-reentry conviction in September 2007 for driving without a license in violation of California Vehicle Code section 12500(a). Because we find that a criminal history point should not have been

assessed for Calderon's 2004 loitering offense, however, we need not address Calderon's second argument. Any error the district court may have made by including a criminal history point for Calderon's 2007 conviction would not have affected his sentence. As previously discussed, removing the single criminal history point for Calderon's 2004 loitering conviction is enough to reduce Calderon's criminal history category from Category IV to Category III. Reducing Calderon's criminal history score by a second point would not further reduce Calderon's criminal history category. Thus, Calderon's sentence would not decrease any further from the eighteen months incarceration specified by criminal history Category III. Accordingly, we do not consider Calderon's second argument.

## IV.    Conclusion

**[5]** We vacate Calderon's sentence and remand to the district court with instructions to resentence Calderon.

VACATED AND REMANDED FOR RESENTENCING.