**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30245 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00112-TMB-1 |
| v. | |
| DONALD CARNELL GILLION, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted July 29, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Donald Carnell Gillion pled guilty to two counts of knowingly and

intentionally distributing, dispensing, or possessing with intent to distribute or

dispense 50 grams or more of a mixture or substance containing crack cocaine, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced him

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to the statutory minimum of 120 months' imprisonment on each count, to be served concurrently. Gillion timely appeals.

The district court's imposition of the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A) does not violate the federal Constitution. Gillion's equal protection challenge to § 841(b)(1)(A) is foreclosed by *United States v. Harding*, 971 F.2d 410, 414 (9th Cir. 1992), and his substantive due process and Eighth Amendment challenges are foreclosed by *United States v. Norwood*, 603 F.3d 1063, 1070–71 (9th Cir. 2010).

The district court correctly concluded that Gillion is not eligible for "safety valve" relief from the statutory minimum sentence because he has more than one criminal history point under the federal Sentencing Guidelines. *See* 18 U.S.C. § 3553(f). The district court properly assessed one criminal history point for Gillion's prior conviction for misdemeanor assault, *see* U.S.S.G. § 4A1.2 comment. n.10, and one criminal history point for his prior conviction for misconduct involving a controlled substance, which is not "similar" to public intoxication, *id.* § 4A1.2(c)(2); *see United States v. Martinez*, 956 F.2d 891, 893 (9th Cir. 1992) (per curiam).

The district court's finding of drug quantity under the Guidelines had no effect on Gillion's sentence, because the statutory minimum controlled in any

event.  *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  Accordingly, Gillion's challenge to the district court's finding of drug quantity under the Guidelines is moot.  *See United States v. Tsai*, 282 F.3d 690, 698 (9th Cir. 2002).

The judgment of the district court is

**AFFIRMED.**