**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ROGER ALLAN ROYBAL,
*Defendant-Appellant*.

No. 12-30350

D.C. No.
6:11-cr-00021-CCL-1

OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted
November 5, 2013—Portland, Oregon

Filed December 10, 2013

Before: Milan D. Smith, Jr. and Andrew D. Hurwitz,
Circuit Judges, and James C. Mahan, District Judge.[*]

Opinion by Judge Mahan

---

[*] The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence in a case in which the district court, based on its holding that the defendant's act of showing child pornography to an eleven-year-old victim qualified as "distribution," applied an enhancement under U.S.S.G. § 2G2.2(b)(3)(D) and declined to apply a reduction under U.S.S.G. § 2G2.2(b)(1).

Without deciding whether an act of "showing" child pornography to a third party can itself constitute "distribution," the panel held that the defendant's act of permitting the child victim to print copies of child pornography stored on the defendant's computer qualified as "distribution."

The panel also held that given the lack of requisite findings by the district court, penile plethysmograph testing as part of a supervised-release condition requiring participation in a sex-offender treatment program is not warranted.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John Rhodes, Assistant Federal Public Defender, Federal Defenders of Montana, Missoula, Montana, for Defendant-Appellant.

Lori Anne Harper Suek and Leif Johnson, Assistant United States Attorneys, Office of the United States Attorney, Billings, Montana, for Plaintiff-Appellee.

**OPINION**

MAHAN, District Judge:

Appellant Roger Allen Roybal ("Roybal") pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). Based on its holding that Roybal's act of showing child pornography to an eleven-year-old victim qualified as "distribution," the district court (1) applied a six-level sentencing enhancement under U.S.S.G. § 2G2.2(b)(3)(D), and (2) declined to apply a two-level reduction under U.S.S.G. § 2G2.2(b)(1). On appeal, Roybal contends that his act of "showing" child pornography does not qualify as "distribution" under the sentencing guidelines. Without deciding whether an act of "showing" child pornography to a third party can itself constitute "distribution," we hold that additional findings made by the district court warrant the six-level enhancement.

At sentencing, the district court imposed a supervised-release condition requiring that Roybal participate in a sex-offender treatment program and "abide by the policies of the program, to include physiological testing." The district court

made no specific mention of penile plethysmograph testing. Roybal contends on appeal that penile plethysmograph testing may not be imposed as a requirement of his supervised release. As the district court did not make the requisite findings, we hold that penile plethysmograph testing may not be imposed.

## I. Factual and Procedural Background

On June 22, 2012, Roger Allen Roybal pleaded guilty to a single count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). The presentence investigation report ("PSR") subsequently prepared by the United States Probation Office stated that Roybal had sexually abused an eleven-year-old child over a four month period prior to his arrest. In the PSR, the probation officer explained that the victim had "disclosed multiple occasions during which Roybal provided her with alcohol and had her watch pornography with him." Based upon these claims, the probation officer's sentencing recommendation included a six-level enhancement under section 2G2.2(b)(3)(D) of the United States Sentencing Guidelines ("U.S.S.G.") "since the offense involved distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity."

At sentencing, the child victim recounted that she and Roybal watched child pornography together and that Roybal had made sexual contact with her on numerous occasions. Additionally, she testified that Roybal permitted her to "make [her] own book" of pornographic images of both adults and children from his collection. According to the child victim, this "book" was kept in Roybal's garage in a bag with

alcohol, cigarettes, lubricant, and several pornographic magazines.

Following this testimony, Roybal objected to the probation officer's recommendation regarding the 2G2.2(b)(3)(D) enhancement. Roybal argued the six-level enhancement was inapplicable because his conduct of "showing" child pornography to the victim did not qualify as "distribution." Concordantly, he argued that he qualified for a two-level reduction pursuant to U.S.S.G. § 2G2.2(b)(1) which applies when a defendant's "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and [] the defendant did not intend to traffic in, or distribute, such material."

The district court overruled Roybal's objections, holding that Roybal's acts of showing child pornography to the child victim qualified as "distribution." The district court included the six-level enhancement in its calculation and sentenced Roybal to eighteen years in prison followed by a lifetime of supervised release.

As a condition of supervised release, the district court ordered that Roybal complete a sex offender treatment program as directed by the United States Probation Office. The district court further ordered that Roybal would be "required to abide by the policies of the program to include physiological testing."

Regarding the testimony of the child victim, the district court held:

> The [c]ourt finds the testimony of the
> child witness was credible; it was moving

testimony. The [c]ourt finds it was truthful. It was clear. And the evidence, therefore, is clear and convincing that Mr. Roybal was using child pornography to groom, persuade, induce, entice this witness and actually to normalize what would otherwise appear to the child victim to be very abnormal behavior.

## II. Standard of Review

"We review a district court's interpretation and application of the Sentencing Guidelines de novo." *United States v. Calderon Espinosa*, 569 F.3d 1005, 1007 (9th Cir. 2009) (citing *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005)). Because Roybal objected to the district court's calculation of his sentence, he preserved the issue on appeal. *See Calderon Espinosa*, 569 F.3d at 1007.

## III. Analysis

U.S.S.G. § 2G2.2(b)(3)(D) creates a six-level sentencing enhancement for "[d]istribution [of child pornography] to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity. . . ." Roybal contests this enhancement on the sole ground that he did not "distribute" child pornography. Relatedly, U.S.S.G. § 2G2.2(b)(1), in relevant part, provides a two-level reduction if a "defendant did not intend to traffic in, or distribute, such material. . . ."

Because Roybal believes he did not "distribute" within the meaning of these two provisions, he argues that the district court erred both in applying the six-level

2G2.2(b)(3)(D) enhancement and refusing to apply the two-level 2G2.2(b)(1) reduction.

The decision of the district court "may be upheld upon any ground which fairly supports it." *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984); *see also Dandridge v. Williams,* 397 U.S. 471, 475 n.6 (1970). Here, Roybal contests the district court's sentencing calculation on the basis that merely "showing" child pornography to the victim could not qualify as "distribution." However, we decline to address this question, as Roybal's act of permitting the child victim to print copies of child pornography stored on his computer independently qualifies as "distribution."

### A. Permitting the Child Victim to Print Child Pornography from Roybal's Collection was "Distribution."

Comment 1 to U.S.S.G. § 2G2.2 specifically defines "distribution" as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor."[1] This court has previously held that permitting a third party to copy images of child pornography within one's possession through an electronic file sharing service qualifies as "distribution." *See, e.g.*, *United States v. Budziak*, 697 F.3d 1105, 1109 (9th Cir. 2012).

---

[1] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993); *United States v. Thornton*, 444 F.3d 1163, 1165 n.3 (9th Cir. 2006).

Roybal does not object to or dispute the child victim's testimony that he permitted her to print a book of child pornography from the images stored on his computer. The district court stated that this testimony was "clear, truthful, and moving." Just like an individual who allows others to access and copy images of child pornography via an online file-sharing program, Roybal allowed the child victim to access the pornographic images stored on his computer and create copies of those images. The fact that the access given to the child victim was in-person rather than over the internet is inconsequential; Roybal's act was certainly "related to the transfer of material involving the sexual exploitation of a minor," fulfilling U.S.S.G. § 2G2.2's definition of "distribution." *See* U.S.S.G. § 2G2.2 cmt. n.1 (2011).

**B. Penile Plethysmograph Testing is Not Warranted Given the Lack of Requisite Findings by the District Court**.

Roybal also argues that he cannot be required to undergo penile plethysmograph testing as part of a sex-offender treatment program. Penile plethysmograph testing is a procedure that "involves placing a pressure-sensitive device around a man's penis, presenting him with an array of sexually stimulating images, and determining his level of sexual attraction by measuring minute changes in his erectile responses." *United States v. Weber*, 451 F.3d 552, 554 (9th Cir. 2006) (quoting Jason R. Odeshoo, *Of Penology and Perversity: The Use of Penile Plethysmography on Convicted Child Sex Offenders*, 14 Temp. Pol. & Civ. Rts. L. Rev. 1, 2 (2004)).

This court has previously held that "the particularly significant liberty interest in being free from plethysmograph

testing requires a thorough, on-the-record inquiry into whether the degree of intrusion caused by such testing is reasonably necessary to 'accomplish one or more of the factors listed in § 3583(d)(1)' and 'involves no greater deprivation of liberty than is reasonably necessary,' given the available alternatives.*" Weber*, 451 F.3d at 568–69 (quoting *United States v. Williams*, 356 F.3d 1045, 1057 (9th Cir. 2004)).

In this case, the government does not contest that the district court made no finding which would merit the imposition of penile plethysmograph testing. Accordingly, we hold that Roybal cannot be forced to undergo such testing as a condition of his supervised release.

**AFFIRMED.**