**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50080 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03109-LAB-1 |
| v. | |
| ARMANDO MENDOZA-PERALTA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 6, 2015
Pasadena, California

Before: SILVERMAN, SACK[**], and WARDLAW, Circuit Judges.

Armando Mendoza-Peralta appeals the sentence he received following his

conviction by guilty plea to one count of receiving images of minors engaged in

sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

**1.** The district court did not procedurally err by supposedly inadequately explaining its selection of a sex offender evaluation condition that includes a "physiological testing" requirement. A physiological testing condition that entails penile plethysmograph testing implicates a "particularly significant liberty interest," such that a sentencing court imposing such a condition must meet heightened procedural requirements. *United States v. Weber*, 451 F.3d 552, 568-69 (9th Cir. 2006). But the district court explained that the physiological testing required under the condition it imposed would not include the type of "intrusive" testing, like plethysmograph testing, that requires "further justification" by the court. The United States Probation Office ("USPO") thus cannot order Mendoza to undergo penile plethysmograph testing under this condition, because the court limited the type of testing allowed by the condition. *See United States v. Roybal*, 737 F.3d 621, 624-25 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 2742 (2014).

**2.** The second challenged condition, which prohibits Mendoza from accessing "materials . . . that depict[] 'sexually explicit conduct' involving children and/or adults" or patronizing any establishment where such materials are available, may, as written, implicate a particularly significant liberty interest. *See United*

*States v. Gnirke*, 775 F.3d 1155, 1160 (9th Cir. 2015). The district court did not comply with the heightened procedural requirements applicable to such conditions. *See id.*

Some of the court's extensive comments at sentencing suggest that it intended to limit the condition so that it would not implicate a particularly significant liberty interest. If the prohibition were limited, for example, "(1) to any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [Mendoza's] probation officer," *Gnirke*, 775 F.3d at 1166, it would not implicate a particularly significant liberty interest, *see id.* at 1160. If we could confidently conclude that the district court had so limited the condition, we might affirm that limitation and thus avoid a remand. *See id.* at 1166-67. Under these circumstances, however, we are constrained to remand with directions to the district court to define with specificity what is prohibited by this condition and to amend the written condition accordingly.

**3.** The district court did not impermissibly delegate its sentencing authority to the USPO when it imposed a sex offender evaluation condition that leaves to the

3

discretion of the USPO the type and number of physiological tests Mendoza must undergo as part of that evaluation. First, unlike the mandatory non-treatment drug-testing condition at issue in *United States v. Stephens*, 424 F.3d 876 (9th Cir. 2005), the discretionary sex offender evaluation testing condition at issue here is not imposed by a statute or guideline reflecting congressional intent to delegate the number of tests to the court. *See id.* at 882-83; U.S.S.G. § 5D1.3(d)(7)(A). Additionally, the record does not suggest that the physiological testing entailed by sex offender evaluation is "penological in nature." *Stephens*, 424 F.3d at 884. Unlike mandatory non-treatment drug testing, evaluative sex offender testing does not expose a defendant to the possibility of mandatory revocation and imprisonment. *See* 18 U.S.C. § 3583(g).

Second, as we have construed the physiological testing aspect of the sex offender condition, it does not implicate so significant a liberty interest as to afford Mendoza's probation officer the effective authority to determine "'the nature or extent of the punishment' to be imposed." *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009) (quoting *Stephens*, 424 F.3d at 881). Unlike a condition that allows a probation officer to choose between two conditions that are "different in kind" with respect to a defendant's liberty interest, such as a condition mandating outpatient or inpatient treatment, *id.*, the condition at issue here allows

4

the probation officer to choose the frequency and content of physiological tests that do not implicate particularly significant liberty interests. *Cf. Stephens*, 424 F.3d at 883 ("Where the district court specifies that the defendant shall participate in a drug treatment program, it may properly delegate to the probation officer the responsibility for selecting the program . . . [and] design[ing] the course of treatment, including the frequency of []testing, to ensure that the treatment is effective.").

**4.** The district court did not procedurally err by "using clearly erroneous facts when . . . determining the sentence." *United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008). Because Mendoza did not object to the district court's alleged use of erroneous facts at sentencing, our review is for plain error. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). Mendoza has failed to show that the court relied on its apparently erroneous calculation of Mendoza's age upon completion of his term of supervised release in determining his sentence. Other than one passing comment, the record does not suggest that the court chose a twenty-year term because of any particular age it wanted Mendoza to have attained upon completion of his sentence. The court offered several reasons for selecting a twenty-year, as opposed to the USPO's recommended fifteen-year, term, including that the longer term facilitated a reduction in the term of

5

imprisonment. "At best, it is highly uncertain whether [Mendoza] would have received a lesser sentence," *id.* at 1106, had the court correctly stated or calculated Mendoza's age upon the completion of his term of supervised release, and he therefore has not met "his burden of showing that the error [if any occurred] actually affected his substantial rights," *id.* (quoting *Jones v. United States*, 527 U.S. 373, 394-95 (1999)).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**