NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50076 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:13-cr-03109-LAB-1 |
| ARMANDO MENDOZA-PERALTA, | MEMORANDUM * |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 11, 2017**
Pasadena, California

Before: PREGERSON and FRIEDLAND, Circuit Judges, and DONATO,***
District Judge.

Armando Mendoza-Peralta appeals for the second time his sentence for

receiving images of minors engaged in sexually explicit conduct in violation of 18

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

***        The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

U.S.C. § 2252(a)(2). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we vacate in part and remand.

1.     Mendoza-Peralta challenges a special condition of supervised release restricting his access to certain materials depicting sexually explicit conduct involving adults. Specifically, the condition prohibits him from possessing "explicit sexually stimulating depictions of adult sexual conduct that he would access via the internet," but permits him to view such materials offline "as deemed appropriate by his probation officer." Mendoza-Peralta contends that the district court committed both procedural and substantive errors in imposing that condition and objects to discrepancies between the condition the district court imposed orally at resentencing and the written judgment. To the extent the oral and written conditions diverge, the district court's unambiguous oral sentencing order controls. *See United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). We accordingly review that iteration of the condition.

2.     The district court did not procedurally err by inadequately explaining its imposition of the challenged condition or by basing that condition on clearly erroneous facts.

The oral condition limits Mendoza-Peralta's ability to access only certain pornographic materials—not literary, artistic or cultural depictions of nudity or sex more generally. Because that restriction does not implicate a "particularly

2

significant liberty interest," the sentencing court was not required to comply with heightened procedural requirements. *United States v. Gnirke*, 775 F.3d 1155, 1159-60 (9th Cir. 2015) (quoting *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012)) (explaining that "access to pornography is clearly not a liberty interest on par with such significant interests as" those that trigger heightened procedural requirements). The court therefore only needed to provide an explanation sufficient to "'permit meaningful appellate review' and 'communicate[] that the parties' arguments have been heard, and that a reasoned decision has been made.'" *Id.* at 1159 (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).

Here, the district court did so by explaining that the challenged condition was intended to avoid the risk that viewing adult pornography would lead Mendoza-Peralta to reoffend. Such discussion makes clear that the court believed the condition was reasonably necessary, in light of "the nature and circumstances of the offense and the history and characteristics of the defendant," to "protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(1), (2); 18 U.S.C. § 3583(d)(1). That conclusion was neither illogical nor implausible, and the district court appropriately relied on its experience sentencing similar offenders in reaching that determination. *See United States v. Autery*, 555 F.3d 864, 875 (9th Cir. 2009).

3.      The district court did not substantively err.  We previously remanded for the district court to clarify the scope of the challenged condition, *United States v. Mendoza-Peralta*, 624 F. App'x 456, 458 (9th Cir. 2015) (unpublished) (*Mendoza-Peralta I*), and the court did so.  At resentencing, the district court reaffirmed its intent to restrict only Mendoza-Peralta's ability to access certain pornographic materials and imposed a modified special condition that closely tracks language from *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), that we cited approvingly in *Mendoza-Peralta I*.  *Gnirke* controls our analysis and compels the conclusion that the district court did not abuse its discretion in imposing the challenged condition.

4.      Although the district court did not err in imposing the oral sentencing order, we are concerned that confusion might arise from the discrepancies between that oral ruling and the written judgment, particularly given the length of Mendoza-Peralta's term of supervised release.  We therefore vacate the written judgment to the extent that it conflicts with the oral condition and remand for the limited purpose of allowing the court to conform the judgment to its prior oral sentence.

**VACATED IN PART AND REMANDED.**

4