**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10428 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00254-JCM-PAL-1 |
| v. | |
| ALBERT SILVA HERNANDEZ, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 10, 2014
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

Albert Silva Hernandez, Jr. (Hernandez) appeals his jury conviction and

sentence for eight counts of sexually exploiting a child, in violation of 18 U.S.C. §

2251(a).

**1.** Hernandez contends that the government impermissibly changed its

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

theory of prosecution during rebuttal argument by deviating from the jury instruction that focused on the word "persuaded." However, the indictment and the evidence presented at trial provided Hernandez adequate notice of the charges against him. *See Morrison v. Estelle*, 981 F.2d 425, 428-29 (9th Cir. 1992). Therefore, we reject Hernandez's Sixth Amendment argument.

**2.** Under plain error review, there was no double counting. *See United States v. Bonilla-Guizar*, 729 F.3d 1179, 1187 (9th Cir. 2013). Hernandez was charged and convicted under a federal statute, not the state companion statute. Because the federal statute does not contain the abuse of trust and sexual contact enhancements as elements, there was no double counting. *See United States v. Kiefer*, 760 F.3d 926, 931-32 (9th Cir. 2014).

**3.** Hernandez contends that the district court erred in applying the distribution enhancement set forth in U.S.S.G. § 2G2.1(b)(3) because he "did not share or attempt to share the images of [the victim] with anyone *other than her. . . .*" When the district court applied the distribution enhancement, it did not have the benefit of our decision in *United States v. Roybal*, 737 F.3d 621 (9th Cir. 2013). We express no view on the application of *Roybal* to this case, but remand the

matter for the district court to consider in the first instance whether the distribution enhancement may be applied when the defendant does not distribute the image to a third party.  We defer any determination on the reasonableness of the sentence imposed pending the district court's consideration of the remanded issue.  The panel retains jurisdiction over this appeal.

**Distribution enhancement REMANDED; AFFIRMED on all other grounds.**