**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ALBERT SILVA HERNANDEZ, JR.,
*Defendant-Appellant.*

No. 13-10428

D.C. No.
2:12-cr-00254-
JCM-PAL-1

OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 23, 2016
San Francisco, California

Filed July 10, 2018

Before:  M. Margaret McKeown,* Johnnie B. Rawlinson,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge McKeown;
Dissent by Judge Rawlinson

---

*Judge M. Margaret McKeown was drawn to replace Judge Alex Kozinski, who retired after oral argument but before this opinion was published.

# SUMMARY**

### Criminal Law

The panel affirmed in part and vacated in part a sentence for sexual exploitation of a child, and issued a limited remand for resentencing.

The panel affirmed the district court's determination that the distribution-of-pornography enhancement set forth in U.S.S.G. § 2G2.1(b)(3) applies when the perpetrator creates an illicit image of a minor victim and shares it only with the victim.

The panel issued a limited remand for resentencing because the record suggests that the district court penalized the defendant by increasing his sentence based on his decision to exercise his Sixth Amendment right to go to trial.

Judge Rawlinson dissented from the portion of the majority opinion concluding that the district judge impermissibly "punished" the defendant by tethering his sentence to the exercise of his constitutional right to have his guilt determined by a jury.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Amy B. Cleary (argued) and Alina M. Shell, Assistant Federal Public Defenders; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Defendant-Appellant.

Adam M. Flake (argued), Assistant United States Attorney; Elizabeth O. White, Appellate Chief; United States Attorney's Office, Las Vegas, Nevada; for Plaintiff-Appellee.

## OPINION

McKEOWN, Circuit Judge:

This appeal requires us to consider whether the distribution of pornography enhancement set forth in United States Sentencing Guidelines ("U.S.S.G.") § 2G2.1(b)(3) applies where a perpetrator creates an illicit image of a minor victim and shares it only with the victim herself, rather than with a third party. We hold that such conduct constitutes "distribution" as that term is defined in the Sentencing Guidelines and accompanying commentary, and we therefore affirm the distribution enhancement imposed by the district court on Albert Silva Hernandez, Jr. However, because the record suggests that the district court penalized Hernandez by increasing his sentence based on his decision to exercise his Sixth Amendment right to go to trial, we issue a limited remand for resentencing.

### I. Background

Hernandez coached softball at Silverado High School in Las Vegas, Nevada, and for a club softball team of girls aged

eighteen years and younger. Hernandez met N.C.,[1] who was 17 years old and a minor under federal law, when she joined his club softball team. Because N.C. was playing a new position, Hernandez provided her with extra coaching sessions to improve her softball skills. After several months, the coach-player relationship turned sexual.

In the course of their relationship, N.C. and Hernandez exchanged photographs using a password-protected cellular phone application that limited access of the photos sent to only N.C. and Hernandez. N.C. took sexually explicit photographs of herself with her mobile phone, often at Hernandez's direction, and sent the photographs to Hernandez's mobile phone. Hernandez took sexually explicit photographs of himself on his mobile phone and, at times at N.C.'s direction, sent those photographs to N.C. on her mobile phone. Hernandez also took photos of himself and N.C. engaged in sexual activity together, and later sent those photos to N.C. via his mobile phone.

The relationship between Hernandez and N.C. came to light when N.C. inadvertently called home while engaged in sexual activities with Hernandez. N.C.'s father retrieved her mobile phone and delivered it to the police.

After sexually explicit photographs and text messages were recovered from N.C.'s mobile phone, Hernandez was charged with eight counts of violating 18 U.S.C. §§ 2251(a), (e) (sexual exploitation of a child) and three counts of violating 18 U.S.C. §§ 2252A(a)(1), (b) (transporting child pornography). Following a jury trial, Hernandez was convicted of the sexual exploitation counts and acquitted of

---

[1] The minor victim is referred to by her initials to protect her identity.

the transporting counts. After applying several enhancements and denying a reduction for acceptance of responsibility, the district court sentenced Hernandez to 284 months' imprisonment.

## II.  Procedural History

This is Hernandez's second round before this court.  In the first appeal, we rejected Hernandez's arguments "that the government impermissibly changed its theory of prosecution during rebuttal argument" and that application of enhancements for sexual contact and abuse of trust constituted impermissible "double counting." *United States v. Hernandez*, 604 F. App'x 621, 622 (9th Cir. 2015) (unpublished).  We remanded to the district court to reconsider application of the distribution enhancement set forth in U.S.S.G. § 2G2.1(b)(3) in light of our decision in *United States v. Roybal*, 737 F.3d 621 (9th Cir. 2013). *Id*. at 622.  The district court was "to consider in the first instance whether the distribution enhancement may be applied when the defendant does not distribute the image to a third party." *Id*.  We deferred consideration of "the reasonableness of the sentence imposed pending the district court's consideration of the remanded issue." *Id*.  Following supplemental briefing and a hearing on remand, the district court concluded in light of *Roybal* that "the [distribution] enhancement should apply in this case."

## III.    Analysis

### A.  Applicability of U.S.S.G. § 2G2.1(b)(3)

Resolution of this case turns in part on what it means to "distribute" child pornography under U.S.S.G. § 2G2.1(b)(3), which provides for a two-level sentencing

enhancement "[i]f the offense involved distribution."**[2]**  *Id.*
We review de novo a district court's interpretation of the
Sentencing Guidelines.  *United States v. Lloyd*, 807 F.3d
1128, 1172 (9th Cir. 2015).

The government contends that the term "distribution" is
broad enough to encompass the transfer of illicit
pornographic images solely to the victim or victims depicted
in the images themselves.  By contrast, Hernandez argues
that "distribution" occurs only if such images are shared with
a third party.

Application note 1 in Sentencing Guideline 2G2.1
provides a specific definition for "distribution" for
sentencing enhancement purposes:

> "'Distribution' means any act, including
> possession with intent to distribute,
> production, transmission, advertisement, and
> transportation, related to the transfer of
> material involving the sexual exploitation of
> a minor.  Accordingly, distribution includes
> posting material involving the sexual
> exploitation of a minor on a website for
> public viewing but does not include the mere
> solicitation of such material by a defendant."

U.S.S.G. § 2G2.1, cmt. n.1.

Under this definition, Hernandez's conduct qualified as
"distribution."  Hernandez took photos of himself and the
minor N.C. engaged in sexual activity, and later transmitted

---

**[2]** The 2012 edition of the Guidelines Manual was used to calculate
Hernandez's sentence.  All references in this opinion are to that edition.

those images via his cell phone to N.C. In doing so, Hernandez committed an "act . . . related to the transfer of material involving the sexual exploitation of a minor." *See* U.S.S.G. § 2G2.1, cmt. n.1. He also engaged in "transmission . . . related to the transfer of material involving the sexual exploitation of a minor." *Id*. The conclusion that Hernandez engaged in "distribution" follows directly from the text of the definition in the Guidelines.

In *Roybal*, we addressed a scenario involving the application of a sentencing enhancement for "distribution" of child pornography. *See* 737 F.3d at 622. Roybal permitted an eleven-year-old child to "print copies of child pornography stored on [Roybal's] computer" to create a "book" of illicit pornographic images. *Id.* at 623–24. Following Roybal's guilty plea to one count of receiving child pornography, the district court "applied a six-level sentencing enhancement under U.S.S.G. § 2G2.2(b)(3)(D)" based on its conclusion that Roybal's act "qualified as 'distribution.'" *Id.* at 622. We affirmed. *Id.* at 624–25.

Interpreting the meaning of "distribution," we focused on the broad definition set forth in Guideline § 2G2.2 and its commentary: "*any act*, including . . . transmission . . . , *related to* the transfer of material involving the sexual exploitation of a minor." *Roybal*, 737 F.3d at 624 (emphasis added). Although we declined to decide whether the act of "showing" illicit materials to a minor, standing alone, was sufficient to constitute "distribution," we were clear that permitting the victim to print copies of computer-stored child pornography "qualifie[d] as 'distribution.'" *Id.* Printing out materials in this way was "certainly 'related to the transfer of material involving the sexual exploitation of a minor.'" *Id.*

Hernandez contends *Roybal* is inapplicable because it addressed a different guideline provision—U.S.S.G. § 2G2.2(b)(3)(D) as opposed to the guideline section we address in this appeal—U.S.S.G. § 2G2.1(b)(3). But this argument ignores that the definition of "distribution" is identical for both guideline provisions. *Compare* U.S.S.G. § 2G2.2(b)(3)(D), cmt. n.1 *with* U.S.S.G. § 2G2.1(b)(3), cmt. n.1. The definition includes the broad phrase "*any* act . . . related to the transfer of" sexually explicit materials, which encompasses Hernandez's conduct here. *See* U.S.S.G. §§ 2G2.1(b)(3), 2G2.2(b)(3)(D) (emphasis added).

As the Fourth Circuit has noted, "[t]he term 'any' at the outset of the first sentence of the definition of 'distribution' in Application Note 1 [of the Sentencing Guidelines] 'is a term of great breadth.'" *See United States v. Hecht*, 470 F.3d 177, 182–83 (4th Cir. 2006) (citation omitted). In a different context, we also have recognized the expansive breadth of the term "any." *See Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1080 (9th Cir. 1999) (explaining that "'any' means 'one, no matter what one'; 'ALL'; 'one or more discriminately from all those of a kind'").

The phrase "related to" as it appears in the definition of "distribution" evokes similar breadth. *See* U.S.S.G. § 2G2.1, cmt. n.1; *United States v. Grzybowicz*, 747 F.3d 1296, 1311–12 (11th Cir. 2014) (interpreting application note 1 in U.S.S.G. § 2G2.1 as "broadly defining 'distribution'"). Applying the definition to this case, we hold that the transfer of illicit pornographic images to a minor victim depicted in the images constitutes "distribution" within the meaning of Guideline § 2G2.1(b)(3).

Hernandez's remaining arguments are not persuasive. Hernandez's claim that "[o]ther courts have already held

transmitting images to oneself does not constitute distribution" is beside the point. *See Grzybowicz*, 747 F.3d at 1309; *United States v. Merrill*, 578 F. Supp. 2d 1144, 1150 (N.D. Iowa 2008). Hernandez did not transmit the pornographic images only to himself; he transmitted them to the minor victim. There is no conflict between *Grzybowicz* and *Merrill*—reasoning that the transfer of illicit images to oneself alone does not constitute "distribution"—and our holding here—that the transfer of illicit images to the minor victim depicted in the images constitutes "distribution."

Hernandez also argues that "[d]istribution has consistently been interpreted to require distribution or attempted distribution to third parties." However, none of the cases Hernandez cites support this narrow reading. *See, e.g.*, *United States v. Carani*, 492 F.3d 867, 869–70, 875–76 (7th Cir. 2007) (defendant made child pornography videos available for others to access and download through a file-sharing program on his computer); *United States v. Clawson*, 408 F.3d 556, 557–58 (8th Cir. 2005) (defendant made disks containing child pornography available to a minor by placing them in a closet in the minor's house); *United States v. Probel*, 214 F.3d 1285, 1287–91 (11th Cir. 2000) (defendant sent child pornography to a recipient over the internet).

Although all of these cases affirmed the application of an enhancement for "distribution," none of them considered whether such an enhancement applies only if a defendant transmits illicit pornographic materials to a third party. Instead, what all of the cases have in common is that a defendant engaged in an "act . . . related to" the "transfer" of illicit, sexually explicit material involving minors. *See, e.g.*, U.S.S.G. § 2G2.1, cmt. n.1. The lesson learned from these cases is that there are myriad methods to produce, transmit, share, and exchange sexually explicit material.

Neither the definition for "distribution" in the Guidelines nor the case law supports the interpretation of the sentencing enhancement that Hernandez urges us to adopt here. We affirm the district court's determination that the distribution enhancement under U.S.S.G. § 2G2.1(b)(3) applies when the illicit pornographic images are transferred to a minor victim depicted in the images.

## B. Basis for Imposition of Sentence

In the first appeal, we deferred consideration of "the reasonableness of the sentence imposed pending the district court's consideration of the remanded issue." *Hernandez*, 604 F. App'x at 622. We must defer that ultimate issue again and remand because the district court appears to have increased Hernandez's sentence or withheld a reduction for acceptance of responsibility based on Hernandez's decision to go to trial. Our review must await the district court's clarification of the basis for the sentence. Although not well articulated, we view Hernandez's challenge as both procedural and substantive. *See Gall v. United States*, 552 U.S. 38, 49–51 (2007).

The Supreme Court has repeatedly emphasized that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)).

We have consistently echoed this principle, including in the context where a district court withholds a reduction for acceptance of responsibility. In *United States v. Watt*, we warned that "a sentencing court cannot consider *against* a defendant any constitutionally protected conduct." 910 F.2d 587, 592 (9th Cir. 1990), *abrogated on other grounds by United States v. Anderson*, 942 F.2d 606 (9th Cir. 1991). In

refusing to apply a two-level reduction for acceptance of responsibility, the district court "noted that, while Watt manifested his responsibility to the probation officer, he did so only after he was caught red-handed on a serious offense in which he was facing extremely heavy charges . . . ." *Id.* at 589 (internal quotation marks omitted). We vacated and remanded, explaining that "[p]enalizing a defendant for failing to provide evidence against himself or [refusing] to make incriminating statements violates his constitutionally protected rights." *Id.* at 593.

We provided a more nuanced explanation of this sentencing hazard in *United States v. Sitton*, reiterating that "the district court may deny [a sentencing] reduction because of a lack of contrition despite the increased costs imposed upon the defendant's choice to remain silent or to proceed to trial, but may not deny the reduction *because of that choice* in spite of other manifestations of sincere contrition." 968 F.2d 947, 962 (9th Cir. 1992) (emphasis added). Remand was appropriate in *Sitton* so that the district court could clarify whether the reasons underlying its denial of a downward reduction were consistent with the defendant's constitutional rights. *Id.* at 962–63. More recently, in *United States v. Ramos-Medina*, we once again observed that a "defendant's right to contest his guilt before a jury is protected by the Constitution, and his decision to do so cannot be held against him." 706 F.3d 932, 940 (9th Cir. 2013) (internal quotation marks and citation omitted).

This rule is also well settled in our sister circuits. In *United States v. Saunders*, the Seventh Circuit declared it "well established under the so-called unconstitutional conditions doctrine that a defendant may not be subjected to more severe punishment for exercising his or her constitutional right to stand trial." 973 F.2d 1354, 1362 (7th

Cir. 1992); *see also United States v. Frost*, 914 F.2d 756, 774 (6th Cir. 1990) (observing that "it is improper for a district judge to penalize a defendant for exercising his constitutional right to plead not guilty and go to trial, no matter how overwhelming the evidence of his guilt") (internal quotation marks and citation omitted).

Taken together, these decisions reflect the fundamental principle that for "an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional." *Wayte v. United States*, 470 U.S. 598, 630 (1985) (internal quotation marks and citation omitted).

With these principles in mind, our review of the sentencing transcript leaves us discomfited that the district court penalized Hernandez for his assertion of protected Sixth Amendment rights. The district court emphasized Hernandez's decision to go to trial five separate times during the sentencing hearing. The court first stated that "it would mean something if [Hernandez] took responsibility before the trial." The court then repeated that "contrition means something when it happens before trial." The court went on, stating "I have never had a defendant – there have been one or two maybe – after being found guilty, who didn't feel contrition . . . everybody feels contrition now. Now, when they are looking at spending time in prison, everybody feels remorse for what they did."

Still further, the court continued: "[W]hat I look for is somebody who feels remorse before the trial, before you put this young girl through the – through the agony of testifying, having to testify to what went on, and then identify pictures of herself, personal pictures. So, I don't see – I don't see much remorse there, Mr. Hernandez." This comment revealed the court's dim view of Hernandez's right "to be

confronted with the witnesses against him." U.S. Const. amend. VI.

Finally, just before the district court imposed Hernandez's sentence, it declared: "You decided to roll the dice, and it came up snake eyes. You didn't think she'd testify, and she did. You went – you wanted to go to trial, so you went to trial. And Probation rightly recommends 327 months for that."

This last statement was of particular significance, coming directly before the court handed down the 284-month sentence. Deciding "to roll the dice" could only refer to Hernandez's decision to go to trial—a right enshrined in the constitution and guaranteed to him by the Sixth Amendment. U.S. Const. amend. VI. That the dice "came up snake eyes"—Hernandez was convicted by the jury—while true, is no reason standing alone to impose a harsher sentence, or to withhold a reduction for acceptance of responsibility.

The district court's statements run headlong into our precedent "that a judge cannot rely upon the fact that a defendant refuses to plead guilty and insists on his right to trial as the basis for denying an acceptance of responsibility adjustment." *United States v. Ochoa-Gaytan*, 265 F.3d 837, 842 (9th Cir. 2001) (internal quotation marks and citation omitted). In recognition of this principle, we have acknowledged that "a defendant who contests his factual guilt at trial may, under some circumstances, be entitled to such an adjustment." *United States v. Mohrbacher*, 182 F.3d 1041, 1052 (9th Cir. 1999). We recognize that sometimes there can be a fine line between putting on a defense at trial, and expressing contrition at sentencing. But this is not a binary, "either/or" proposition as suggested by the district court.

Critically here, the district court's comments regarding Hernandez's decision to go to trial comprised virtually the entirety of the explanation for the sentence. It does not appear that the court "based its final decision on the facts of this case and on this particular record as a whole." *Ramos-Medina*, 706 F.3d at 941–42 (internal quotation marks omitted); *see also United States v. Rojas-Pedroza*, 716 F.3d 1253, 1270 (9th Cir. 2013) (explaining that a "district court does not commit reversible error . . . simply because it notes the fact that the defendant went to trial, so long as the court bases its final decision on the facts of the case and record as a whole"). Indeed, the court did not reference any particular "facts of this case" or "particular record" beyond Hernandez's exercise of his constitutional rights. *Ramos-Medina*, 706 F.3d at 941–42.

To be sure, the district court made a passing reference to the 18 U.S.C. § 3553(a) sentencing factors. The court concluded the hearing by stating that the "midrange of the guideline is sufficient considering all of the factors set forth in 18 U.S.C. Section 3553(a) and meets the sentencing goals as outlined by that statute." But reciting this boiler-plate statement immediately after chastising Hernandez for going to trial, and without any explanation, does not cure the infirmities in the district court's justification for the sentence imposed. The court did not specify which factors it considered, nor is it apparent how the court may have applied the factors to the facts of Hernandez's case, or whether it considered any facts at all beyond Hernandez's decision to exercise his constitutional rights. On this record,

it is impossible to avoid the centrality of the comments about Hernandez's decision to go to trial.**[3]**

Enhancing a sentence solely because a defendant chooses to go to trial risks chilling future criminal defendants from exercising their constitutional rights. And imposing a penalty for asserting a constitutional right heightens the risk that future defendants will plead guilty not to accept responsibility, but to escape the sentencing court's wrath.

Although most federal criminal cases result in guilty pleas,**[4]** the Sixth Amendment right to trial remains an important safeguard to defendants who insist on their innocence. Permitting courts to impose harsher sentences on those few defendants who do go to trial could in practice restrict the exercise of the right to those with unusual risk tolerance—or uncommon courage.

---

**[3]** The dissent compares the present case to *United States v. Broxmeyer*, 699 F.3d 265 (2d Cir. 2012). It notes the district court's concern in *Broxmeyer* with the defendant's "disturbing lack of remorse," and equates the *Broxmeyer* district court's concerns to those of the district court in this case. The underlying facts of *Broxmeyer*, involving numerous victims and forceful assault, and the defendant's clear comments demonstrating that he did not have remorse and did not take his conduct seriously, are distinguishable from the present case.

**[4]** Ninety-one percent of criminal defendants in cases terminated in federal district courts in 2014 were convicted as the result of a guilty plea, six percent were dismissed, and three percent received a jury or bench trial. *See* US Department of Justice Bureau of Justice Statistics, "Federal Justice Statistics, 2013–14," *available at* https://www.bjs.gov/content/pub/pdf/fjs1314.pdf (Last accessed July 2, 2018).

Hence, we vacate the sentence and order a limited remand to permit the district court to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

**AFFIRMED in part, VACATED in part, and REMANDED.**

RAWLINSON, Circuit Judge, dissenting in part:

I respectfully dissent from that portion of the majority opinion concluding that the district court judge impermissibly "punished" the defendant by tethering his sentence to the exercise of his constitutional right to have his guilt determined by a jury.

Hernandez takes issue with the following remarks from the district court:

> [W]hat I look for is somebody who feels remorse before the trial, before you put this young girl through the—through the agony of testifying, having to testify to what went on, and then identifying pictures of herself, personal pictures. So I don't see much remorse there . . .

Respectfully, the majority opinion conflates the procedural analysis and the substantive reasonableness analysis that govern sentencing proceedings. Sitting en banc, we clarified that when reviewing a sentence on appeal, "we first consider whether the district court committed procedural error." *United States v. Carty*, 520 F.3d 984, 993

(9th Cir. 2008) (en banc). We delineated the following as examples of procedural error:   failing to calculate the Guidelines Range or calculating the range incorrectly; treating the Guidelines as mandatory rather than advisory; failing to consider the factors set forth in 18 U.S.C. § 3553(a); imposing a sentence based on clearly erroneous facts; or failing to give an adequate explanation for the sentence imposed. *See id.*

It is only after we consider whether the district court procedurally erred that we consider the substantive reasonableness of the sentence. *See id.* ("On appeal, we first consider whether the district court committed significant procedural error, *then* we consider the substantive reasonableness of the sentence.") (citation omitted) (emphasis added).

Hernandez did not assert that the district court committed the procedural errors delineated in *Carty*. Rather, in his Opening Brief, Hernandez characterized the district court's reference to his exercise of his right to a jury trial as resulting in a substantively unreasonable sentence, not a procedurally erroneous one. *See* Appellant's Opening Brief, pp. 20–24. Hernandez challenged the district court's enhancements that affected the Guidelines Range calculation separately, as provided in *Carty*. *See id.*, pp. 13–20; pp. 17–20 (referencing an incorrect calculation of the Guidelines Range).

The cases cited in the majority opinion reinforce that any analysis regarding Hernandez's argument that he was punished for going to trial belongs in the procedural error consideration as articulated in *Carty*, 520 F.3d at 993, *i.e.*, calculating the Guidelines Range incorrectly. With the exception of a case from the Sixth Circuit that, like the majority opinion, fails to distinguish between the procedural

error and substantive unreasonableness analyses[1], the cases discussed by the majority all involve the reduction for acceptance of responsibility, a reduction that is pivotal to calculation of the Guidelines Range, a prototypical procedural concern. *See Carty*, 520 F.3d at 993; *see also United States v. Watt*, 910 F.2d 587, 592 (9th Cir. 1990) (analyzing Watts' constitutional claim in the context of a reduction for acceptance of responsibility); *United States v. Sitton*, 965 F.2d 947, 962 (9th Cir. 1992) (same); *United States v. Saunders*, 973 F.2d 1354, 1361–62 (9th Cir. 1992) (same); *United States v. Ochoa-Gaytan*, 265 F.3d 837, 842 (9th Cir. 2001) (same); *United States v. Ramos Medina*, 706 F.3d 932, 941 (9th Cir. 2013), *as amended* (noting, in addressing the defendant's argument that he was penalized for going to trial when the court denied a reduction for acceptance of responsibility, that "we continue to review whether the district court correctly calculated the Guidelines range *as the first step* in our review of criminal sentences) (citation omitted) (emphasis added).[2]

In *United States v. Rojas-Pedroza*, 716 F.3d 1253 (9th Cir. 2013), one of the more recent cases cited by the majority, we analyzed separately as an asserted procedural error the defendant's argument that the court denied an acceptance of responsibility reduction based on his decision to go to trial. *See id*. at 1270–71. After determining that there was no procedural error, we then proceeded to address

---

[1] *United States v. Frost*, 914 F.2d 756, 774 (6th Cir. 1990). This analysis is not consistent with our en banc ruling in *Carty*.

[2] The Supreme Court case cited, *United States v. Goodwin*, 457 U.S. 368, 372 (1982), did not involve a sentencing claim, and its analysis of the vindictive prosecution claim presented is of limited relevance to this appeal.

the substantive reasonableness of the sentence imposed. *See id*. at 1271.

The majority seeks to disguise its conflation of the standards by "view[ing] Hernandez's [not well articulated] challenge as both procedural and substantive." *Majority Opinion*, p. 10. The problem with the attempted disguise is that it is diametrically opposed to the assertions of error articulated by Hernandez in his Opening Brief. Additionally, the majority fails to address the fact that the cases cited in support of its holding address the reduction for acceptance of responsibility, a procedural concern.

Because Hernandez made no argument that the Guideline Range was affected, because the record does not reflect the existence of any other cognizable procedural error, and because Hernandez couched his claim as one of substantive unreasonableness, I proceed to analysis of the argument actually made by Hernandez. *See Gall v. United States*, 552 U.S. 38, 56 (2007) (proceeding to substantive reasonableness analysis when no procedural error discerned). When reviewing a sentence for substantive unreasonableness, we do not analyze discrete legal issues. Rather, the sentence is reviewed as a whole. *See Carty*, 520 F.3d at 993.

Although perhaps the district court could have phrased its reasoning more artfully, in context the remarks are not a sufficient basis to support a determination of substantive unreasonableness. It is apparent that the primary focus of the court's concern was Hernandez's manipulation of the victim and lack of remorse. I agree with the Second Circuit that these were appropriate concerns. *See United States v. Broxmeyer*, 699 F.3d 265, 291 (2d Cir. 2012). The Second Circuit observed that Broxmeyer, who was also a coach, took advantage of his position "by using the close physical

contact he was . . . afforded to . . . teenage girls—access that
the parents and community likely would not have afforded
the average male of his age—to corrupt the girls' emerging
sexual awareness for his own gratification." (citation,
footnote reference and internal quotation marks omitted).
As with the district court in this case, the district court in
*Broxmeyer* described the defendant as displaying "a
disturbing lack of remorse for, or even appreciation of, the
seriousness of the totality of his conduct." *Id.* at 295.

The Second Circuit viewed Broxmeyer's lack of remorse
as "a circumstance that further expanded the range of
substantively reasonable sentences . . ." *Id.* I cannot
conclude that the district court erred in this case by reaching
a similar conclusion. As with the defendant in *Broxmeyer*,
Hernandez has continued to insist that the relationship was
"consensual," despite the minor's lack of ability to legally
consent, and despite the victim's statement to the court that
she was manipulated by Hernandez. *See id.* I agree with the
Second Circuit that it was Hernandez's responsibility "by
virtue of his position as . . . coach" to act as a role model for
the teenagers. Instead, Hernandez, similar to Broxmeyer,
"turned [N.C.'s] immaturity and lack of judgment to his own
advantage." *Id.*[3]

In sum, Hernandez has not met his burden of establishing
that his sentence was substantively unreasonable. A
determination of substantive unreasonableness is reserved
for the rarest of cases. *See United States v. Ressam*, 679 F.3d
1069, 1088 (9th Cir. 2012), *as amended*. I agree with the
Second Circuit that a showing of substantive

---

[3] Despite the majority's attempt to distinguish *Broxmeyer*, the facts
in the two cases are remarkably similar. Contrary to the majority's
suggestion, one victim is enough to support the sentence imposed.

unreasonableness is made only if the sentence imposed is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289 (citation and internal quotation marks omitted). This sentence imposed by the district court at the lower end of the correctly calculated guideline sentencing range is not that case. Because the majority opinion deviates sharply from the analysis articulated in *Carty*, because its analysis does not track the arguments made by Hernandez, and because the sentence imposed was substantively reasonable, I respectfully dissent from that portion of the majority opinion concluding that the district court committed reversible error during sentencing.

I agree with the district court that the term "distribution" in U.S.S.G. § 2G2.1(b)(3) is broad enough to encompass transmission of the sexually explicit images to the victim depicted in the images. Our decision in *Roybal* supports that determination.

I would affirm the district court's judgment in its entirety.