**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50341 |
| Plaintiff-Appellee, | 17-50410 |
| v. | D.C. No. 2:15-cr-00173-JLS-2 |
| JULIEN JITT NOEL, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted March 5, 2019
Pasadena, California

Before: COLE, Chief Circuit Judge,** FISHER, and NGUYEN, Circuit Judges.

Julien Noel appeals the district court's decision to allow him to proceed pro se at trial and sentencing, as well as his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The parties are in agreement that an abuse of discretion standard applies to the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ransey Guy Cole, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

district court's decision to allow Noel to proceed pro se. *See United States v. Thompson*, 587 F.3d 1165, 1170–71, n.2 (9th Cir. 2009). This "standard requires us to uphold a district court determination that falls within a broad range of permissible conclusions in the absence of an erroneous application of law." *Grant v. City of Long Beach*, 315 F.3d 1081, 1091 (9th Cir. 2002) (citing *Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 400 (1990)).

Recognizing that "[t]he district court was in the best position to observe [Noel's] behavior and to make the determination that [Noel] had the mental capacity to represent [himself,]" we cannot say that the district court abused its discretion in allowing him to do so. *United States v. Johnson*, 610 F.3d 1138, 1146 (9th Cir. 2010) (citations omitted); *Indiana v. Edwards*, 554 U.S. 164, 177 (2008) (noting that trial judges "will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant"). The district court had Noel psychiatrically evaluated on multiple occasions by multiple experts who considered "*both* [Noel's] competence to represent [himself] *as well as* [his] competence to stand trial." *Johnson*, 610 F.3d at 1146. And hindsight shows us that Noel actively participated in his defense at trial: he proposed voir dire questions, filed pretrial motions, gave an opening statement, cross-examined witnesses, and delivered a closing argument. This type of active participation is significant evidence of competence. *See id.*; *Edwards*, 554 U.S. at

2

175–76 (holding that courts should look to whether a defendant is "unable to carry out the basic tasks needed to present his own defense without the help of counsel"). Consequently, we hold that the district court did not abuse its discretion in allowing Noel to represent himself at trial.

Noel next argues that even if the court properly allowed him to proceed pro se at trial, it should not have allowed him to continue doing so at sentencing. But the district court's decision was supported by an additional psychological evaluation that concluded Noel remained competent to proceed pro se and a Field Report from the U.S. Marshals that indicated Noel could be malingering. Thus, the district court's conclusion that there had "been no change in [Noel's] mental status and that his behavior is the result of his own decision as to how to pursue his case," (Second Sentencing Hr'g Tr., E.R. 440), was not an abuse of discretion. *Johnson*, 610 F.3d at 1147 ("In the absence of any mental illness or uncontrollable behavior, [defendants] had the right to present their unorthodox defenses and argue their theories to the bitter end.").

Finally, Noel raises two challenges to his sentence. When a defendant fails to object at sentencing to perceived procedural errors—as was the case here—we review for plain error. *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1180 (9th Cir. 2013); *see also United States v. Burgum*, 633 F.3d 810, 814 (9th Cir. 2011).

Noel first argues that the trial court's two-level increase during sentencing was an unauthorized and unexplained upward departure. But the court correctly stated Noel's total offense level, criminal history category, and guidelines range, and then explicitly stated a two-level upward *variance* was warranted after considering the § 3553(a) factors. There is thus no reason to find that the sentencing enhancement was an unwarranted *departure*. Furthermore, the court gave an adequate explanation for why it was imposing a variance. We thus cannot say the district court plainly erred.

Noel next argues that the two-level enhancement was on the basis of his lack of remorse and was inappropriately based on his decision to remain silent and/or proceed to trial—thus violating his Fifth and Sixth Amendment rights. But the sentencing increase was the result of consideration of a variety of permissible factors, not just his lack of remorse, and the record does not support Noel's argument that the district court drew an adverse inference from his decision to remain silent. The district court provided several reasons for the sentence increase—namely, Noel's behavior that demonstrated a likelihood of re-offense, the need for additional deterrence, the need to protect the public, and the fact that "this was a sophisticated scheme and that there has been no acknowledgement by the defendant of any of his wrongdoing in this scheme[.]" (Second Sentencing Hr'g Tr., E.R. 450–51.) Accordingly, despite the district court's comments regarding Noel's lack of remorse,

there was an extensive explanation of other reasons the sentence was imposed. Noel is thus not entitled to resentencing on this ground. *See United States v. Johnston*, 789 F.3d 934, 943 (9th Cir. 2015).

As to Noel's argument regarding his decision to go to trial, it is well established that "[a] defendant's right to contest his guilt before a jury is protected by the Constitution, and his decision to do so 'cannot be held against him.'" *United States v. Ramos-Medina*, 706 F.3d 932, 940 (9th Cir. 2013) (quoting *United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002)). As articulated above, however, Noel's failure to accept responsibility, or his lack of remorse, was not the sole factor in his increase in sentence. And unlike the court in *United States v. Hernandez*, 894 F.3d 1104 (9th Cir. 2018), on which Noel relies, the district court here made no comment during sentencing regarding Noel's decision to go to trial. There is thus no basis to conclude that the district court improperly relied on Noel's decision to go to trial when imposing his sentence.

**AFFIRMED.**