NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10319 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:16-cr-00107-KJD-PAL-1 |
| RICHARD LEE CANTERBURY, AKA Richard Canterbery, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted October 24, 2019[**]
San Francisco, California

Before: MELLOY,[***] BYBEE, and N.R. SMITH, Circuit Judges.

A jury convicted Defendant Richard Canterbury of bank robbery in violation

of 18 U.S.C. § 2113. He challenges the sufficiency of the evidence as to whether

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

the victim bank was federally insured. *Id.* § 2113(f). Applying plain error review, we reject his argument. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (noting that courts must ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"); *United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009) (applying plain error review but noting that "it is hard to comprehend how a standard can be any more stringent in actuality than that ordinarily applied to sufficiency-of-the-evidence challenges").

Here, a bank employee testified that the bank was federally insured at the time of the robbery. Canterbury did not challenge this testimony, which was buttressed by an FDIC certificate, a picture of an "FDIC Insured" sticker at a teller window, and an FBI agent's unchallenged testimony confirming the bank's insured status. Notwithstanding possible infirmities with individual pieces of evidence, we find no plain error.

Canterbury also argues the district court erred at sentencing by (1) denying him an acceptance-of-responsibility reduction as punishment for asserting his right to go to trial and (2) imposing a sentence at the top of the advisory guidelines range. *See United States v. Hernandez*, 894 F.3d 1104, 1109 (9th Cir. 2018); *see also* U.S.S.G. § 3E1.1 cmt. n.2. Canterbury did not object to the Presentence Investigation Report's recommended denial of an acceptance-of-responsibility reduction, nor did he challenge the denial of the reduction at sentencing. We apply

plain error review to this allegation of an unpreserved procedural sentencing error. *United States v. Burgum*, 633 F.3d 810, 812 (9th Cir. 2011).

Canterbury emphasizes that the district court, at sentencing, made a comment about his decision to go to trial "on a case where the evidence was overwhelming." We examine this comment in context to assess the court's consideration of Canterbury's contrition. *Hernandez*, 894 F.3d at 1110–11 (noting a "fine line" where a district court may deny a reduction for acceptance of responsibility "because of a lack of contrition despite . . . the defendant's choice . . . to proceed to trial, but may not deny the reduction *because of that choice*" (citation omitted)). Here, the district court spoke immediately after defense counsel raised the issue of Canterbury's election to go to trial. In fact, the district court was speaking in the context of its overall 18 U.S.C. § 3553(a) analysis and was not expressly addressing the denial of the reduction under U.S.S.G. § 3E1.1. We find no plain error because the sentencing court's comments do not clearly or obviously, *United States v. Olano*, 507 U.S. 725, 734 (1993), step over this "fine line," *Hernandez*, 894 F.3d at 1111.

Finally, to the extent Canterbury challenges the substantive reasonableness of his overall sentence, we reject his argument. *Hernandez*, 894 F.3d at 1109 ("Although not well articulated, we view [the] challenge as both procedural and substantive."); *see also United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009)

3

("[T]he substantive reasonableness of a sentence—whether objected to or not at sentencing—is reviewed for abuse of discretion."). The district court carefully, and at some length, discussed Canterbury's incorrigibility, extensive criminal history, use of weapons, recent escape from custody, and apparent inability to abide by the law when not incarcerated. The district court considered and permissibly weighed appropriate factors and imposed a sentence at the top of the advisory guidelines range. The ultimate sentence imposed was not unreasonable. *See United States v. Reyes,* 764 F.3d 1184, 1198–99 (9th Cir. 2014) ("This is not one of those 'rare cases' where the district court abused its discretion by imposing a substantively unreasonable sentence." (citation omitted)).

**AFFIRMED**.