NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30126 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00003-TMB-1 |
| v. | |
| ZERISENAY GEBREGIORGIS, AKA Bullet, AKA Sam, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Submitted August 10, 2020[**]
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Zerisenay Gebregiorgis appeals the district court's judgment imposed following his jury trial conviction for one count of conspiracy to distribute heroin and methamphetamine. The jury was given a multiple conspiracies instruction but

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

returned a guilty verdict as to the single-charged conspiracy. Gebregiorgis was sentenced to 121 months, to be followed by five years of supervised release.

1.    Gebregiorgis argues that he is entitled to a judgment of acquittal because the evidence adduced at trial was insufficient to support a single overarching conspiracy as charged in the indictment. Gebregiorgis does not dispute, however, that the trial record supports, at the very least, two separate conspiracies: the Ketchikan and Sitka conspiracies. "Although '[t]he issue of whether a single conspiracy has been proved is a question of the sufficiency of the evidence,' the issue becomes one of variance where the evidence at trial tends to show the existence of two conspiracies rather than one ongoing conspiracy as alleged in the indictment." *United States v. Laney*, 881 F.3d 1100, 1109 (9th Cir. 2018) (quoting *United States v. Duran*, 189 F.3d 1071, 1078, 1080–81 (9th Cir. 1999)). We review allegations of a material variance de novo. *United States v. Bhagat*, 436 F.3d 1140, 1145 (9th Cir. 2006). "A variance warrants reversal only if it 'affects the substantial rights of the parties.'" *Duran*, 189 F.3d at 1081 (quoting *United States v. Friedman*, 593 F.2d 109, 116 (9th Cir. 1979)).

Here, the variance did not affect Gebregiorgis's substantial rights. The government's evidence for each conspiracy was not "weak," as Gebregiorgis claims. As to the Ketchikan conspiracy, as Gebregiorgis acknowledges, he made a number of admissions in the form of text messages reflecting a drug relationship between

2

himself and one of his distributors, Jason Simpson. As to the Sitka conspiracy, at least three separate cooperating witnesses testified against Gebregiorgis. Accordingly, we conclude that Gebregiorgis is not entitled to a new trial. *See United States v. Adamson*, 291 F.3d 606, 616 (9th Cir. 2002).

2. We reject Gebregiorgis's argument that the district court committed structural error by granting defense counsel trial continuances over his personal objection. *United States v. Read*, 918 F.3d 712, 719, 721 (9th Cir. 2019) (reviewing structural error claim de novo). Here, where defense counsel asked to delay trial for a short period of time in large part to allow sufficient time for motion practice, we do not find structural error. *New York v. Hill*, 528 U.S. 110, 114–15 (2000) ("For certain fundamental rights, the defendant must personally make an informed waiver," but "[s]cheduling matters are plainly among those for which agreement by counsel generally controls," as "only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case.").

3. Neither did the district court plainly err in sentencing Gebregiorgis. *See United States v. Lloyd*, 807 F.3d 1128, 1139–40 (9th Cir. 2015) ("Under the plain error standard, relief is warranted where the district court committed (1) error that (2) is plain; (3) affected substantial rights; and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings." (quoting *United States v. Vargem*, 747 F.3d 724, 728 (9th Cir. 2014))).

3

First, Gebregiorgis argues that the district court punished him for standing on his right to a jury trial. The record does not support this assertion. Although the district court commented on Gebregiorgis's decision to go to trial, it did so in the context of highlighting what it viewed as a lack of contrition and a pattern of criminal behavior. Specifically, the court noted that Gebregiorgis was involved in drug trafficking while in custody for this case, and that Gebregiorgis had failed to follow the terms of his supervised release in the past. Therefore, the district court's comment regarding Gebregiorgis's decision to go to trial did not comprise the entirety of the explanation for the sentence, and the district court made more than just "passing reference to the 18 U.S.C. § 3553(a) sentencing factors." *United States v. Hernandez*, 894 F.3d 1104, 1111–12 (9th Cir. 2018) (vacating defendant's sentence because "the district court's comments regarding [the defendant's] decision to go to trial comprised virtually the entirety of the explanation for the sentence").

Second, Gebregiorgis argues that the district court erred by basing its sentence on a clearly erroneous fact—that Gebregiorgis denied involvement in conduct for which he was convicted. This argument is unavailing, as the record indicates that the district court largely based its sentence on Gebregiorgis's apparent lack of contrition.

Third, Gebregiorgis argues that the district court erred by failing to address his contention that his criminal history category overstated his criminality. This

4

argument is likewise unavailing, as the district court expressly addressed how Gebregiorgis's criminal history impacted the court's view of his criminality.

4. However, the district court plainly erred when it imposed special conditions of supervised release in the written judgment without stating them at oral sentencing. *See United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006) ("We conclude that the district court erred when it included in the written judgment nonstandard conditions of supervised release without first announcing those conditions as part of [the defendant's] oral sentence."). Therefore, we remand for resentencing so that the district court may impose special conditions of supervised release consistent with this disposition.

**AFFIRMED in part, and REVERSED and REMANDED in part.**