NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50141 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00321-JAK-1 |
| v. | |
| PEDRO ALONZO LOPEZ CHACON, AKA Grumpy, AKA Pedro Alonzo Lopez Chacon, AKA Pedro Alonzo Lopez-Chacon, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 11, 2024
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and BATTAGLIA,[**] District Judge.

Pedro Alonzo Lopez Chacon appeals his judgment and sentence after a jury trial. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

order a limited remand.

Lopez Chacon contends that the district court erroneously concluded he was not eligible for an adjustment of acceptance of responsibility because he asserted a duress defense at trial. Before trial, Lopez Chacon admitted that he came to the United States unlawfully and explained during the pretrial status conference that he was "not contesting the underlying elements" and "essentially offered to stipulate to the underlying elements of § 1326, but the government opposed this request." Lopez Chacon explained "the only evidence that would actually be presented would be the defense case[,]" asserting he improperly crossed the border into the United States under duress because he feared for his safety in Mexico. The Government chose not to accept this broad stipulation but entered into formal pretrial stipulations for two of the offense elements: (1) Lopez Chacon had been previously removed from the United States, and (2) Lopez Chacon was a citizen and national of El Salvador.

After a two-day trial, the jury convicted Lopez Chacon. At his sentencing hearing, the district court did not apply a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E.1.1, stating "[w]ith respect to the point about acceptance of responsibility, . . . under the guidelines, this wouldn't qualify both in terms of – it's not the normal method saying – wanting to raise the duress defense

but conceding otherwise the illegal entry is not the norm in terms of accepting responsibility."

"We review a district court's interpretation of the [Sentencing] Guidelines de novo, its application of the Guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error." *United States v. Randall*, 34 F.4th 867, 871 (9th Cir. 2022) (citing *United States v. Hong*, 938 F.3d 1040, 1051 (9th Cir. 2019)).

A defendant who raises a duress defense to a prosecution for illegal reentry under § 1326 may still be eligible for an acceptance of responsibility reduction. *See United States v. Gamboa-Cardenas*, 508 F.3d 491, 506 (9th Cir. 2007) (affirming the acceptance reduction because the district court found "appellees made extensive statements *before* trial in which they accepted responsibility for their criminal activity").

Here, the district court acknowledged that a defendant may go to trial and still be eligible for an acceptance of responsibility reduction in "rare times." Yet, the district court relied upon the Presentence Report, the addendum to the Presentence Report, and the Government's arguments, all of which placed heavy emphasis on the fact that Lopez Chacon went to trial. However, the district court's statements are unclear about whether it made "a determination that [Lopez Chacon] ha[d not] accepted responsibility . . . based primarily upon [his] pre-trial statements and conduct." U.S.S.G. § 3E.1.1 cmt. n.2; *see also Gamboa-Cardenas*,

508 F.3d at 506 (affirming the acceptance reduction because the district court found "appellees made extensive statements *before* trial in which they accepted responsibility for their criminal activity"). Although the district court made a passing reference that it could consider Lopez Chacon's conduct under the § 3553(a) factors, it is unclear how the district court applied the sentencing factors to Lopez Chacon's case, and what pretrial statements and conduct, apart from Lopez Chacon's decision to raise a duress defense, were considered in declining the downward adjustment for acceptance of responsibility.

For the foregoing reasons, we vacate the sentence and order a limited remand to the district court to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Hernandez*, 894 F.3d 1104, 1112 (9th Cir. 2018) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

**VACATED AND REMANDED.**